# Wile v. Ewing, Appellant.

*Contract—Action for services as engineer—Evidence—Findings by judge—Trying case without jury.*

In an action to recover for services as an engineering expert, a judgment for the plaintiff on case tried by the court without a jury will be affirmed, where there is sufficient evidence to sustain a finding that the verbal contract was made with the plaintiff by a third person, who stated to him that defendant was assuming the expense of the initial experiments for a projected corporation; that defendant with knowledge of the services rendered stated that he would give plaintiff a check; that subsequently plaintiff agreed to extend the time of payment; and that defendant did not deny that he owed the bill until after the suit was brought.

Argued April 30, 1917. Appeal, No. 150, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 646, refusing appeal from County Court in case of R. S. Wile v. John K. Ewing. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from judgment of County Court.

From the record it appeared that the case was tried by the County Court without a jury, and the judgment was entered for plaintiff for $172.50. Plaintiff's claim was for services as a metallurgical engineer. The evi-

472, (1917).] Assignment of Error—Opinion of the Court.

dence relating to the contract and the assumption of liability by the defendant is summarized in the opinion of the Superior Court.

*Error assigned* was in refusing appeal from County Court.

*William A. Griffith,* of *Griffith & Kennedy,* for appellant.

*Chas. A. Woods,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The case was tried in the County Court of Allegheny County and the trial judge, jury trial having been waived, found in favor of the plaintiff. The Court of Common Pleas refused to allow an appeal for the defendant and from this action of the court the present appeal arises. The question before us is, was the conclusion of the trial judge based upon sufficient evidence?

The plaintiff, a metallurgical engineer, was engaged to make some experiments as to the welding of steel. Bollinger was the spokesman and stated that John K. Ewing, the defendant, was assuming the expense of the initial experiments for a projected corporation and "that they would like me to consider the electrical part of it." Wile, the plaintiff, entered upon the work and some months afterwards Bollinger desired a bill and being told the amount, asked for a reduction as the burden of the expense was on Mr. Ewing. Mr. Wile agreed if prompt payment were made to reduce the amount of the bill. Subsequently, he met Mr. Ewing who told him Mr. Bollinger had informed him that Wile had agreed to take one hundred and fifty dollars for his services up to date and that he had anticipated giving him a check on Saturday but would be compelled to wait until Monday following. Ewing appeared to be familiar with the work that had been done. The check not being forthcoming

on Monday, Wile went to Ewing who excused his delay and promised to send his check later. Afterwards additional work was done by Mr. Wile at the request of both Mr. Ewing and Mr. Bollinger. The bills were addressed to Ewing who asked for an extension of time and the first claim that he did not owe the bills was made after suit brought. This story of the plaintiff was repeated with slight variations upon cross-examination and his testimony disclosed that Mr. Ewing regarded this debt as his personal obligation and was trying to pay it out of his own funds. Bollinger testified that he was not the agent of Ewing. He "probably mentioned to Wile that Ewing was financing the proposition." Ewing knew that Wile was performing the work. We are, of course, presenting the testimony most favorable to the plaintiff. As the learned trial judge found for the plaintiff, we must conclude that he believed that Ewing, although he was not present when the bill was contracted, knew of it, was authorizing it and therefore was bound to pay it. The statement of Bollinger when he engaged Wile that Ewing would pay for Wile's services would not bind Ewing. The subsequent assumption on the part of Ewing to pay the bill and his attempts to raise the money out of his personal assets, are enough to support the inference that Bollinger was merely acting for him in the matter and that Ewing was liable for the claim.

Judgment is affirmed.